**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**KELVIN FRAZIER,**

       **Plaintiff,**

**vs.**                                                   **Case No. 4:11cv98-SPM/WCS**

**EDWIN BUSS, et al.,**

       **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, doc. 9, has filed his first amended complaint, doc. 12, along with a motion for a preliminary injunction, doc. 13, and a memorandum in support of the motion. Doc. 14. The motion for a preliminary injunction, doc. 13, seeks a court order to transfer him to another prison.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff has established:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Jefferson County, 720 F.2d at 1519, citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

After review of Plaintiff's amended complaint, doc. 12, I entered an order requiring Plaintiff to file a second amended complaint because of several deficiencies. Because Plaintiff's amended complaint has been found insufficient to properly state a claim and Plaintiff has been required to submit an amended complaint, Plaintiff has correspondingly failed to meet the prerequisites for injunctive relief.  Therefore, the instant motion must be denied as Plaintiff has not demonstrated a substantial likelihood of success on the merits.

Furthermore, should Plaintiff be able to prove that Defendants acted in retaliation for Plaintiff having filed the case at bar, Plaintiff would be able to recover damages under 42 U.S.C. § 1983.  Because Plaintiff has an adequate remedy at law should fears and threats become reality, there cannot be a finding of irreparable injury.  The unavailability of an adequate remedy at law is essentially a prerequisite to a finding of irreparable injury.  Jefferson County, 720 F.2d at 1520 (finding "[t]he possibility that

adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."); *see* Lewis v. S. S. Baune, 534 F.2d 1115, 1124 (5th Cir. 1976).  Thus, failing to issue an injunction in this case would not constitute a "substantial threat of irreparable injury."

Moreover, well established law provides that prisoners have no constitutional right to remain in, or be transferred to, a particular institution  with particular rules, regulations and privileges.  Meachum v. Fano, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); Montayne v. Haymes, 427 U.S. 236, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976); Olim v. Wakinekona, 461 U.S. 238, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983). Because prisoners do not have the right to remain incarcerated within a particular geographic area or at a particular prison, Plaintiff has no legal right to a court order directing his transfer.  Should Plaintiff be able to articulate specific facts indicating he faces a risk of physical harm from a prison official, he does have the right to request being placed in protective custody.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, doc. 13, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 2, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**