# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**KELVIN FRAZIER,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　**Case No. 4:11cv98-SPM/WCS**

**EDWIN BUSS, et al.,**

    **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a second amended complaint. Doc. 31. The second amended complaint has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff contends that he received a retaliatory disciplinary report. As a result of the disciplinary report, Plaintiff lost gain time. Doc. 31, p. 22. Plaintiff's request for relief is limited to money damages only. Plaintiff contends that he is not asking for expungement of the disciplinary report or restoration of gain time. *Id.*, at 26. Plaintiff contends that it does not matter whether or not he lost gain time.

While Plaintiff's allegations may or may not state a claim for a violation of Plaintiff's First and Fourteenth Amendment rights, service is not appropriate and these claims cannot go forward. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). A claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck, 114 S. Ct. at 2372. To recover damages for an allegedly unconstitutional conviction, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Id.* Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen. *Id.* at 2373.

Heck has been extended and made explicitly applicable in the prison disciplinary setting. Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In Balisok, the Supreme Court held that a "conviction" includes a finding of guilty in a prison disciplinary proceeding that results in a loss of gaintime, thus, affecting an inmate's period of incarceration. 117 S. Ct. at 1589. Therefore, based on Heck, the Court concluded that a claim for money damages resulting from defects in a prison disciplinary hearing which resulted in the loss of gain time credits is not cognizable under § 1983.

It is not true that Plaintiff may avoid the bar of Heck simply by not seeking to overturn the disciplinary report. The bar exists where the § 1983 claim, "if established,

necessarily [would] imply the invalidity of the deprivation of his good-time credits." Balisok, 520 U.S. at 646, 117 S.Ct. at 1588.

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 30, 2011.


　　　　　　　　　　　　　　　 s/    William C. Sherrill, Jr.
　　　　　　　　　　　　　　**WILLIAM C. SHERRILL, JR.**
　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.